NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2419
_____

PATRICE CANTON

Appellant

v.

KMART CORPORATION
_____

APPEAL FROM THE DISTRICT COURT FOR THE VIRGIN ISLANDS
(D.C. Civ. Action No. 1-05-cv-00143
District Judge:  Honorable Timothy J. Savage
_____

Argued on December 8, 2011
_____

Before:   FISHER, GREENAWAY, JR., and ROTH, *Circuit Judges.*

(Opinion Filed: March 29, 2012)
_____

Lee J. Rohn, Esquire
Geoffrey E. Wolfe, Esquire **(Argued)**
Ryan W. Greene, Esquire
Law Offices of Rohn & Carpenter, L.L.C.
1101 King Street
Christiansted, St. Croix, Virgin Islands 00820

Counsel for Appellant


Wilfredo A. Geigel, Esquire
Eugenio W.A. Geigel-Simounet, Esquire **(Argued)**
Law Offices of Wilfredo A. Geigel
20 Anchor Way/P.O. Box 25749
Gallows Bay, St. Croix Virgin Islands 00824

Counsel for Appellee

_____

OPINION

_____

GREENAWAY, JR., *Circuit Judge*.

Appellant Patrice Canton ("Canton") appeals the District Court's February 12, 2010 Order granting Appellee's ("Kmart") motion for summary judgment. Canton filed a personal injury action against Kmart to recover economic damages resulting from her physical injuries received during a slip and fall accident. While shopping in the Kmart store at the Sunny Isle Shopping Center in St. Croix, Virgin Islands, Canton slipped on a clear, liquid substance on the floor in one of the aisles and was physically injured. She argues that the District Court improperly granted Kmart's summary judgment motion, because there is sufficient evidence to raise a genuine dispute as to a material fact regarding Kmart's actual and constructive knowledge of the dangerous condition that existed prior to her fall.

For the following reasons, we will affirm the District Court's Order granting Kmart's motion for summary judgment.

## I.   BACKGROUND

We write primarily for the benefit of the parties and shall recount only the essential facts. While Canton was shopping in Kmart, she slipped on a clear, liquid substance that was on the floor. After Canton fell, she could see and feel the liquid substance. She also saw an open gallon bottle of Dial liquid soap on the shelf near the

area where she slipped. Canton also noted that the cap was off and a quarter of the soap was missing from the bottle.

A second Kmart customer, Carolyn Roberts ("Roberts"), came to Canton's aid after she fell. Roberts saw a large amount of gel on the floor, and noticed a large bottle of Dial liquid soap on the shelf with the cap half way off. While standing in the area immediately after Canton fell, Roberts noted that she heard a Kmart employee admit that someone told her about the spill but that she [the employee] failed to respond to the spill right away. The employee also stated that the spill was in the area where Canton fell. Roberts also observed that she did not notice anything on the floor when she first passed through the area, before Canton's fall.

The first Kmart employee on the scene, (not the employee Roberts purportedly overheard) Valine JeanBaptiste ("JeanBaptiste"), observed a long skid mark on the floor, and also observed that the liquid on the floor was from a large bottle of liquid soap. She also noted that the liquid soap bottle was open, on its side, hanging off of the shelf, and that the cap was unscrewed. A second Kmart employee (now former employee), Soria Warner ("Warner") acknowledged that although Kmart has a policy regarding spills, the employees do not police for spills, report spills, clean the spills, or place warning signs around the spills.[1] According to Warner, Kmart does not discipline employees who fail to follow the policy.

---

[1] Kmart's policy requires that employees constantly monitor the store for spills. When they become aware of a spill, the employee is required to stay at the spill until someone

3

After the fall, another Kmart employee, ("Tony") took photographs of the area where Canton slipped and fell. Kmart's policy requires that all photos are labeled, attached to the incident report and sent to the Kmart Customer Incident Center. Kmart admitted, through its representatives, that photographs had been taken, and that there was video surveillance of the accident. However, neither the photographs nor the videotape were preserved for trial.[2]

In June 2009, after suit had been filed, Canton filed a Motion for Sanctions for Spoliation of Evidence, because Kmart had failed to retain the surveillance material. Specifically, Canton sought the District Judge's sanction of Kmart's conduct by permitting an inference of spoliation at trial. The District Judge granted the motion regarding the photographs, but denied the motion as to the video surveillance, determining that, based on the testimony of a Kmart employee on duty at the time of the alleged incident, "and in the absence of any affirmative evidence provided by Plaintiff that surveillance video actually existed of the alleged accident, the Court finds that no surveillance videotape existed such that Defendant had a duty to maintain it." (J. App. 4.) The District Judge ordered that a jury instruction, noting that the photographs would

comes with a barricade and cleans the spill, so that they can warn customers. If an employee learns of a spill, that employee is required to immediately go to the spill, barricade it and stay at the area of the spill until it is clean. See J. App. 720-22 and 689.

[2] Kmart's policy for video surveillance tapes requires that employees immediately review the videotape to ensure that the incident was recorded, then pull and preserve the entire cassette(s) as evidence. The cassette is then labeled as evidence, and includes the customer's name, the store number, and the date of the incident. This procedure was not followed here.

have provided evidence that the spill existed for a sufficient period of time to have given Kmart notice before Canton fell, was appropriate.

In April 2009, Kmart filed a motion for summary judgment. On February 10, 2010, the District Court issued a Memorandum Opinion and Order granting Kmart's motion for summary judgment, finding that there was not sufficient evidence to raise a genuine dispute of fact regarding Kmart's actual or constructive notice of the spill.

Canton filed a timely appeal.

## II.    JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction, pursuant to 28 U.S.C. § 1332. We have jurisdiction to review the District Court's grant of summary judgment, pursuant to 28 U.S.C. § 1291. Busch v. Marple Newtown Sch. Dist., 567 F.3d 89, 95 n.7 (3d Cir. 2009). We review the District Court's order granting summary judgment de novo. Azur v. Chase Bank, USA, Nat'l Ass'n, 601 F.3d 212, 216 (3d Cir. 2010). "To that end, we are required to apply the same test the district court should have utilized initially." Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd. of Educ., 587 F.3d 176, 181 (3d Cir. 2009) (internal quotation marks omitted).

## III.    ANALYSIS

**Summary Judgment**

Summary judgment is appropriate "where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Azur, 601 F.3d at

5

216 (quoting Nicini v. Morra, 212 F.3d 798, 805-06 (3d Cir. 2000) (en banc) (citing Fed. R. Civ. P. 56(c))).[3] To be material, a fact must have the potential to alter the outcome of the case. See Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423 (3d Cir. 2006). "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." Azur, 601 F.3d at 216. In determining whether summary judgment is warranted, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Chambers, 587 F.3d at 181. "Further, [w]e may affirm the District Court's order granting summary judgment on any grounds supported by the record." Kossler v. Crisanti, 564 F.3d 181, 186 (2009).

To survive summary judgment, "affirmative evidence - - regardless of whether it is direct or circumstantial - - must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance." Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989) (internal citation omitted).

**Duty of Care to Invitees**

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable

_____

[3] The standard previously set forth in subsection (c) is now codified as subsection (a). The language of this subsection is unchanged, except for "one word — genuine 'issue' bec[ame] genuine 'dispute.'" Fed. R. Civ. P. 56 advisory committee's note, 2010 amend.

care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger." Restatement (Second) of Torts § 343 (1965).

"An invitee is entitled to expect that the possessor will take reasonable care to ascertain the actual condition of the premises and, having discovered it, either to make it reasonably safe by repair or to give warning of the actual condition and the risk involved therein. Therefore an invitee is not required to be on the alert to discover defects which, if he were a mere licensee, entitled to expect nothing but notice of known defects, he might be negligent in not discovering." Id.

**Breach of Duty**

Canton contends that Kmart breached its duty to protect an invitee from harm while on Kmart's property. To establish a breach of duty, Canton must prove that Kmart "had either direct [actual] or constructive notice of the foreign substance on the floor as a potentially dangerous condition." See David v. Pueblo Supermarket of St. Thomas, 740 F.2d 230, 233 (3d Cir. 1984) (internal citation omitted). "The issue of prior notice to the store, either actual or constructive, of an unreasonable risk of harm is more difficult to establish than establishing the presence of a foreign substance on the floor." Id. at 234. Actual notice exists if the store had been warned about the condition of the spill on the floor beforehand. Canton could show constructive notice by demonstrating that the floor condition had existed for such a length of time that the storeowner, in the exercise of

7

ordinary care, should have been aware of the condition. See id. at 236. It is difficult to prove slip and fall cases, involving foreign substances on grocery market floors. Id. at 233-34. The major issues ordinarily involve the following:

> (1) Was there a foreign substance on the floor?
> (2) What notice, either actual or constructive, did the employees or the management have of this particular condition which involves "an unreasonable risk of harm" to the business invitees?
> (3) Absent direct testimony proving actual notice, was the foreign substance on the floor long enough to give management or employees constructive notice of this potential "unreasonable risk of harm"?

Id. (Internal citation omitted.)

## Canton's Slip and Fall Claim

Canton has proven the first element above, as evidenced by the statement from the District Court, that "There is no dispute that Canton slipped and fell; there was a slippery substance on the floor; and, Kmart did not warn her. The dispute is whether Kmart had or should have had notice of the liquid on the floor before the incident." J. App. 18.

### Actual Notice

Canton argues that there is evidence in the record constituting actual notice; specifically, Roberts's testimony. Roberts stated that she overheard a Kmart employee saying "someone did tell me something's on the floor. But I didn't go right away to see what it was." J. App. 218-20. Roberts described the employee as a slim, dark-skinned, short woman, but did not know the woman's name. The District Court properly denied the admission of Roberts's testimony regarding the Kmart employee as hearsay, although Canton contends that the statement was an admission of a party opponent. The District

8

Court found that because the identity of the employee was not known, it was not possible to determine if the statement was made by the woman within the scope of her employment.

Canton argues that because Kmart has a policy that all employees, once notified of a spill, are required to immediately go to the area of the spill, barricade it, and clean up the spill, the statement was within the employee's scope of employment.

Canton relies on Pappas v. Middle Earth Condominium Assoc., 963 F.2d 534 (2d Cir. 1992), to support her contention that Roberts's testimony should have been admitted into evidence. In Pappas, after the plaintiff's slip and fall incident, a friend phoned the defendant condominium management company to complain about the icy condition of the sidewalk. Id. at 536. A man appeared with a shovel and bucket to clear away the ice, while making statements that the management company had a poor maintenance record for keeping the sidewalk clear. Id. The trial court ruled that plaintiff's testimony regarding the man's statement was inadmissible, and concluded that plaintiff did not adequately show that the declarant was an agent speaking about a matter over which he had been granted authority by the defendant. The Court of Appeals for the Second Circuit reversed. Specifically, the Court found that the statement was admissible, and held that circumstantial evidence, along with the statement, could be used to establish the scope and existence of a relationship between the person and the management company. Id. at 538.

Pappas is distinguishable from the present case. In Pappas, a number of people heard and saw the unidentified person, who stated that he was employed by the defendant. Id. at 536. Here, Roberts testified that she overheard a conversation between a purported employee and a second person, and that she knew the speaker was an employee because she was wearing a badge. However, Canton did not provide any evidence identifying the speaker as a Kmart employee. The woman was vaguely described by Roberts as "dark skinned and slim and short, with straight hair." J. App. 219. Roberts also stated that the woman was wearing a Kmart badge, although she could not make out the name on the badge. There was no statement in the record indicating that uncovering the employee's identity was inhibited in any way.

The District Court did not abuse its discretion in holding that the statement Roberts claims to have overheard is inadmissible as hearsay and not admissible through a hearsay exception - - whether it be a present sense impression or an excited utterance, particularly since it is not ascribed to anyone.

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801. A statement made by a party opponent occurs when:

> The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (E) a statement by a

10

coconspirator of a party during the course and in furtherance of the conspiracy.

The failure to identify the speaker that Roberts purportedly overheard makes it impossible to determine whether that person was indeed an employee, who was speaking within the scope of her employment.

Canton suggests that the statement allegedly made by an unidentified Kmart employee should have been admitted into evidence as an excited utterance. Federal Rule of Evidence 803(2) defines excited utterance as "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Miller v. Keating, 754 F.2d 507, 509 (3d Cir. 1985). We have stated that "utterance[s] of [an] unidentified declarant [are] not admissible under Rule 803(2)." Carden v. Westinghouse Electric Corp., 850 F.2d 996, 1003 (3d Cir. 1988). "At minimum, when the declarant of an excited utterance is unidentified, it becomes more difficult to satisfy the established case law requirements for admission of a statement under Fed. R. Evid. 803(2)." Miller, 754 F.2d at 510. Those requirements are defined as "(1) a startling occasion, (2) a statement relating to the circumstances of the startling occasion, (3) a declarant who appears to have had opportunity to observe personally the events, and (4) a statement made before there has been time to reflect and fabricate." Id. (Internal citation omitted.)

In the instant case, the issue involves a statement made by an unidentified person thought to be a Kmart employee. We find it curious that after voluminous discovery,

11

including numerous depositions, the employee who purportedly made this damning statement was never found. The inability to identify the speaker of the statements Ms. Roberts alludes to undermines any notion that this hearsay statement is reliable.

**Constructive Notice**

Canton argues that constructive notice is evidenced by: (1) the spoliation ruling; (2) the skid mark on the floor; (3) the condition of the spill; (4) Canton's wet clothes; and (5) evidence of prior slip and falls. First, Canton relies on the District Court's grant of her motion for a spoliation inference based on Kmart's inability to produce the photographs as evidence of the spill and fall.

> Spoliation occurs when evidence is destroyed or altered, or when a party fails to preserve evidence in instances where litigation is pending or reasonably foreseeable. See Micron Technology, Inc. v. Rambus Inc., 645 F.3d 1311, 1320 (Fed. Cir. 2011).

Canton states that the spoliation ruling should have prevented the District Court from granting Kmart's motion for summary judgment. While it is true that the lack of photographic evidence is a concern in this case, it is also true that a jury may have viewed the spoliation inference as an indication of Kmart's possible liability. However, such an inference is not dispositive on the issue of constructive notice.

"When the contents of a document are relevant to an issue in a case, the trier of fact generally may receive the fact of the document's nonproduction or destruction as evidence that the party that has prevented production did so out of the well-founded fear that the contents would harm him." Bull v. UPS, 665 F.3d 68 (3d Cir. 2012) (quoting

12

Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 334 (3d Cir. 1995)). Here, although the missing photographs are important, they do not mandate that the grant of summary judgment be jettisoned. See Byrnie v. Town of Cromwell Bd. of Educ., 243 F.3d 93, 107 (2d Cir. 2001) (where the Court of Appeals found that the missing evidence had potential relevance, but noted that the relevance would be "minimal"). The photographic evidence here would be cumulative. Kmart does not argue that the spill did not occur, nor does it contest the facts of the spill, as presented. The photographs would not contribute to create a genuine dispute as to a material fact. There is no error regarding the District Court's spoliation ruling.

Canton next argues that Kmart had constructive knowledge, as evidenced by the skid mark on the floor, which was assumed to be from someone who had slipped on the liquid prior to Canton's accident. However, there is no evidence that the skid mark did not result from Canton's fall itself. In her deposition, Canton admitted that she smeared some of the liquid across the floor when she fell. (J. App. 181.) As such, no reasonable inference could be drawn that someone, other than Canton, slipped on the clear liquid substance in that area.

Canton further argues that the amount of liquid missing from the bottle and the size of the spill are indicative of the length of time that must have elapsed since the spill. Witnesses had testified that the spill itself was large, but there were no footprints or other evidence suggesting that the liquid had been on the floor long enough for Kmart to have had constructive notice. In fact, there was nothing in the record to indicate, with any

13

specificity, how long the liquid had been on the floor prior to Canton's slip and fall. We cannot engage in speculation, so there is no basis to determine that Kmart had constructive notice of the spill.

Canton also argues that her wet clothes should lead a reasonable jury to conclude that the spill had been there long enough to constitute constructive knowledge. She relies on the District Court's holding in Williams v. United Corp., 50 V.I. 191, 198 (V.I. 2008) to bolster that contention. However, in Williams, which also involved a slip and fall accident, plaintiff not only had evidence of wet clothes, but evidence of muddy shoe prints. Id. The Court held that Williams's testimony regarding muddy footprints could, at least when combined with her other evidence, lead a jury to conclude that Plaza had constructive notice. Id. Here, although Canton contends that her clothes were wet from the fall, she does not provide any additional evidence that would support her claim that Kmart had constructive notice.

Finally, Canton argues that evidence of six prior slip and fall accidents at Kmart serve as constructive notice. According to its employees, Kmart had experienced six similar falls in the past two years, and did not follow its procedures regarding spills. This argument has no merit. Past slip and falls at Kmart are not indicative of its failure to follow appropriate procedures when there is a spill. Each of the six cases is fact specific. The mere fact that prior slip and falls occurred does not create an inference to be drawn in Canton's favor.

14

## IV.    CONCLUSION

Canton has not provided evidence creating a genuine dispute as to any material fact.  There is no admissible evidence that Kmart had actual notice of the spill.  There is no evidence indicating the length of time the spill had been on the floor, and whether it was there long enough for Kmart to have had constructive notice.  The District Court's grant of summary judgment is sound.  For the foregoing reasons, we will affirm the District Court's Order granting Kmart's motion for summary judgment.