**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1941
_____

ANNETTE SAUNDERS,
Appellant

v.

WAL-MART STORES INC.; JOHN AND JANE DOES I-V; ABC INC, fictitious
defendants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-17-cv-03051)
Honorable Peter G. Sheridan, U.S. District Judge
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 18, 2022

Before: JORDAN, KRAUSE, and PORTER, *Circuit Judges*

(Opinion filed: March 21, 2022)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Annette Saunders appeals the District Court's order granting summary judgment in favor of Appellee Wal-Mart Stores, Inc. on her negligence claim arising from her slipping and falling in a puddle of water while shopping in a Wal-Mart store. Because Saunders has provided no evidence that Wal-Mart had either actual or constructive notice of the puddle and because she has not demonstrated that New Jersey's "mode-of-operation" rule applies to relieve her of the burden to do so, we will affirm.

## I.      Discussion[1]

Under New Jersey law, an invitee asserting a negligence claim must ordinarily prove that the business had actual or constructive notice of the dangerous condition that caused the injury. *See Prioleau v. Kentucky Fried Chicken, Inc.*, 122 A.3d 328, 335 (N.J. 2015). But where a business employs a self-service model in which "customers independently handle merchandise without the assistance of employees" and there is a reasonable probability that the self-service model will produce a dangerous condition, New Jersey's "mode-of-operation" rule relieves a plaintiff of the obligation to prove notice. *Id.* at 337–38. This rule does not apply here, however, because Saunders has not shown, as she must, a "nexus between [the] self-service components of [Wal-Mart's] business and a risk of injury." *Id.* at 338.

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review in reviewing the District Court's orders entered on a motion for summary judgment. *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014).

Saunders attributes the puddle to "broken water bottles" that were "stacked high on crates" in an aisle, Appellant Opening Br. at 18, but provides no evidence that this stacking "was likely to create a dangerous condition that was foreseeable" to Wal-Mart, *Lee v. Shoprite*, No. L-518-10, 2012 WL 1605205, at *3 (N.J. Super. Ct. App. Div. May 9, 2012). Nothing in the record suggests that stacking water bottles for self-service makes them likely to leak, and the District Court correctly observed that the cause of the leak could have been entirely unrelated. Without corroborating evidence, no reasonable inference can be drawn that Wal-Mart's self-service model caused the puddle, *see Bozza v. Vornado, Inc.,* 200 A.2d 777, 779–80 (N.J. 1964), so Saunders cannot show that the "mode-of-operation" rule applies.

Nor can she establish that Wal-Mart had constructive notice of the spill.[2] Constructive notice exists where a dangerous condition is present for long enough that a reasonably diligent business owner should have known about it. *See Romeo v. Harrah's Atl. City Propco, LLC*, 168 F. Supp. 3d 726, 732 (D.N.J. 2016). Whether a business owner had a reasonable opportunity to discover and mitigate a dangerous condition depends on both the character and the duration of the hazard. *See Brown v. Racquet Club of Bricktown*, 471 A.2d 25, 30 (N.J. 1984).

Here, Saunders points to no characteristics of the puddle suggesting that it was present long enough to establish constructive notice. *See Elzogby v. Target Corp.*, No. 3:16-cv-4013-BRM-TJB, 2019 WL 3886940, at *3 (D.N.J. Aug. 19, 2019). Neither the

---

[2] Because Saunders concedes that the record does not establish that Wal-Mart had actual notice, we address only her constructive notice arguments.

fact that Saunders was in the store for an hour before she fell nor the fact that she spent ten minutes on the ground before an employee came to her aid indicates how long the puddle was present prior to her fall. The question of timing that matters is how long the *dangerous condition itself* was present, *see Parmenter v. Jarvis Drug Store, Inc.*, 138 A.2d 548, 550 (N.J. Super. Ct. App. Div. 1957), and without evidence of how fast water leaked from the broken bottles, a jury cannot reasonably infer how long the puddle existed based solely on the puddle's size. Saunders's negligence claim thus fails because she cannot establish that Wal-Mart had notice of the spill.[3]

## II.     Conclusion

For the foregoing reasons, we will affirm the judgment of the District Court.

---

[3] Saunders's argument that the District Court violated the Erie Doctrine by citing *Canton v. Kmart Corp.*, a Third Circuit case in which we applied Virgin Islands common law, is without merit. *See Canton v. Kmart Corp.*, 470 F. App'x 79 (3d Cir. 2012); Appellant's Opening Br. 23–24. The District Court stated and applied the correct standard under New Jersey law and cited *Canton* as persuasive authority that the size of a puddle alone cannot establish constructive notice. *See Canton*, 470 F. App'x at 86. Saunders points to no authority precluding courts from using out-of-jurisdiction case law as persuasive authority, nor can we find any authority supporting this argument.