**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3726-19

WIDELANDE RAYMOND,

     Plaintiff-Appellant,

v.

LAYNA REALTY, LLC, and
PENTAURUS PROPERTIES, LLC,

     Defendants-Respondents.

_____

          Argued July 27, 2021 – Decided August 10, 2021

          Before Judges Sumners and Firko.

          On appeal from the Superior Court of New Jersey, Law
          Division, Essex County, Docket No. L-2185-18.

          John D. Gagnon argued the cause for appellant (Rabb,
          Hamill, PA, attorneys; Laura A. Rabb, of counsel and
          on the briefs).

          Jill Cantor-Burns argued the cause for respondent (CP
          Law Group, attorneys; Jill Cantor-Burns, on the brief).

PER CURIAM

Plaintiff Widelande Raymond sustained serious bodily injury when she slipped and fell on a slippery substance on the stairs at her apartment building, which was owned by defendant Layna Realty, LLC, and managed and maintained by defendant Pentaurus Properties, LLC. The motion judge granted summary judgment to defendants on the basis that plaintiff failed to present any evidence that defendants had actual or constructive notice of the dangerous condition on the stairs.

On appeal, plaintiff argues the judge erred because she provided proof that defendants had constructive notice of the slippery substance on the stairs. Also, plaintiff alternatively argues that the mode-of-operation rule applies, thus she did not have to show that defendants had constructive notice of the dangerous condition. We disagree and affirm.

Appellate review of a ruling on a motion for summary judgment is de novo, applying the same standard governing the trial court. Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405 (2014) (citations omitted). Thus, we consider, as the motion judge did, "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Id. at 406 (quoting Brill v. Guardian Life Ins.

2

Co. of Am., 142 N.J. 520, 540 (1995)). If the judge finds no genuine issue of material fact, the judge must then "decide whether the trial [judge] correctly interpreted the law." DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (quoting Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494 (App. Div. 2007)). We accord no deference to the motion judge's legal conclusions. Nicholas v. Mynster, 213 N.J. 463, 478 (2013) (citing Zabilowicz v. Kelsey, 200 N.J. 507, 512-13 (2009)).

Plaintiff was a third-floor tenant in a three-story apartment building ("the apartment building") of about twenty-six units in Orange that was owned by Layna Realty. Pentaurus Properties managed and maintained the apartment building for Layna Realty, employing a resident superintendent who worked five days a week and, if necessary, after his regular work hours to address tenants' concerns. For about an hour to an hour and a half each morning, the superintendent was required to mop the stairs, the landings, and tiled areas, vacuum the carpet, and remove any minor debris from the stairwells and outside the apartment building. The superintendent was also responsible for the same work at Layna Realty's neighboring three-story apartment building also housing about twenty-six-units.

On May 11, 2017, between 8:00 p.m. and 9:00 p.m., plaintiff, wearing flip flops, exited her apartment and walked down the stairs to go to the store. As she descended from the second floor to the first floor, she slipped and "slid straight down on [her] back," for about, "eight to ten steps – six or seven." After falling, plaintiff observed that there was a "sticky . . . oily-like" substance on the "steps" and on the "second[-]floor landing." The substance stained her clothing and did not wash out. Plaintiff sustained injuries to her back, knees, and left leg. Defendants did not produce any documentation demonstrating that the stairs had been cleaned the day of the accident.

After suit was filed and discovery taken, defendants moved for summary judgment. The motion judge issued an order granting the motion. In his oral decision, the judge stated plaintiff did not meet her burden of providing proof defendants actually knew the substance causing her fall was on the stairs or that they had constructive notice of the substance because it was there for a reasonable length of time — but failed to remove it.[1] The judge denied plaintiff's reconsideration motion, which is not the subject of this appeal.

---

[1] We note that technical difficulties caused the transcript of the judge's opinion to contain many indiscernible statements, making it difficult to comprehend. However, our understanding of his reasoning is apparent from what is discernible and the parties' merits briefs.

A-3726-19

There is no dispute that defendants had a duty to maintain the apartment building "in a reasonably safe condition" to guard against foreseeable dangers arising from a tenant's use of the premises. See Coleman v. Steinberg, 54 N.J. 58, 63 (1969). Failure to do so can make them liable for injuries sustained by tenants of the apartment building. See Townsend v. Pierre, 221 N.J. 36, 51 (2015) (noting that the elements of a negligence action are "(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages" (quoting Polzo v. Cnty. of Essex, 196 N.J. 569, 584 (2008))); Scully v. Fitzgerald, 179 N.J. 114, 121-22 (2004) ("A landlord has a duty to exercise reasonable care to guard against foreseeable dangers arising from use of portions of the rental property over which the landlord retains control.") (citations omitted).

Plaintiff argues summary judgment should have been denied because she provided sufficient proof that defendants had constructive notice of a slippery substance on the stairs, which was not cleaned and, thus, caused her accident. In support, she contends: (1) defendants were aware tenants walked down the stairs that she fell down, carrying their trash to dispose of it outside in garbage cans; (2) she slipped on a "sticky, oily-like" substance on the stairs; (3) she "always s[aw] the floor" dirty; (4) that it is "common knowledge" that oily-like substances turn "sticky only after being exposed to air for some length of time";

5

and (5) defendants were aware that inspections of the stairs occurred in the morning but were not inspected until the next morning. We are unpersuaded.

"The mere '[e]xistence of an alleged dangerous condition is not constructive notice of it.'" Arroyo v. Durling Realty, LLC, 433 N.J. Super. 238, 243 (App. Div. 2013) (alteration in original) (quoting Sims v. City of Newark, 244 N.J. Super. 32, 42 (Law Div. 1990)). "A defendant has constructive notice when the condition existed 'for such a length of time as reasonably to have resulted in knowledge and correction had the defendant been reasonably diligent.'" Troupe v. Burlington Coat Factory Warehouse Corp., 443 N.J. Super. 596, 602 (App. Div. 2016) (quoting Parmenter v. Jarvis Drug Stores, Inc., 48 N.J. Super. 507, 510 (App. Div. 1957)). "Constructive notice can be inferred in various ways," including from the "characteristics of the dangers giving rise to the slip and fall . . . or eyewitness testimony . . . ." Ibid. (citations omitted).

The undisputed facts in the motion record make clear plaintiff did not prove that defendants had constructive notice of the slippery substance on the steps where plaintiff fell. Even viewing the facts in the light most favorable to plaintiff, failed to establish the substance was on the stairs for a sufficient length of time such that defendants should have known it was there if they had acted in a reasonably prudent manner in keeping the stairs safe for passage. Plaintiff's

6

argument that the apartment building superintendent only cleaned in the morning did not establish that the substance had been on the stairs for a long enough time for defendants to be made aware of its existence. The assertion is completely speculative. Plaintiff's argument that the substance turns "sticky only after being exposed to air for some length of time" is equally speculative. Given the lack of evidence of what the substance was, the argument has no factual support. Further, plaintiff did not submit an expert report opining that the characteristics of the substance support her seemingly scientific-based theory that the substance had been on the stairs for some time.

We find instructive our opinion in Troupe, 443 N.J. Super. at 601-02, where we affirmed the trial court's grant of summary judgment. We concluded there was no proof the defendant department store or any of its employees had constructive knowledge of a dangerous condition, a berry on the floor, causing plaintiff's slip and fall, because there was nothing in the record about the berry's characteristics indicating how long it had been there.

We also find guidance in Paramenter, where we determined summary judgment was not warranted. 48 N.J. Super. at 511. We concluded it was the jury's duty to determine if rainwater blowing into a drugstore had lasted for a sufficient "period of time," as evidenced by "[t]he dirtiness of the water

7

tend[ing] to be corroborative of the length of time it lay on the floor," such that the drugstore should have reasonably attended to the condition.  Ibid.

Although we reached different conclusions as to the summary judgment rulings in Troupe and Parmenter, they both illustrate that a plaintiff must show there was something about the characteristics of the substance that caused a slip and fall to present evidence of constructive notice to the factfinder. Here, plaintiff proffered no reasonable explanation that defendants had constructive notice of the slippery substance based on its characteristics that caused her slip and fall.  The motion judge made the correct ruling in granting summary judgment dismissal of her complaint.

Alternatively, plaintiff argues the mode-of-operation rule applies, thereby "reliev[ing] [her] of her obligation to have shown constructive notice of the [dangerous] condition of the stairs."  Because she failed to raise this argument before the motion judge, we would normally not consider it as it does not "go to the jurisdiction of the trial court or concern matters of great public interest." Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973) (quoting Reynolds Offset Co., Inc. v. Summer, 58 N.J. Super. 542, 548 (App. Div. 1959)).  For the sake of completeness, however, we will address the argument.

The mode-of-operation rule provides an inference of negligence against a defendant business establishment by relieving a plaintiff of proving the defendant had actual or constructive notice of a particular dangerous condition if the defendant's mode of operation created the condition that caused the accident. Prioleau v. Kentucky Fried Chicken, Inc., 223 N.J. 245, 248 (2015). Our Court made clear in Prioleau that the mode-of-operation rule does not apply where there is no evidence that the "plaintiff's accident . . . bears the slightest relationship to any self-service component of defendant's business." Id. at 264. Thus, the rule was not applicable where the plaintiff alleged that her slip and fall at a fast-food restaurant was caused by either grease tracked on the floor by employees working in the kitchen or patrons tracking water into building during rainy weather. Id. at 264-65.

Our courts have "never . . . expanded [the mode-of-operation rule] beyond the self-service setting, in which customers independently handle merchandise without the assistance of employees or may come into direct contact with product displays, shelving, packaging, and other aspects of the facility that may present a risk." Id. at 262. "Thus, the mode-of-operation rule is not a general rule of premises liability, but a special application of foreseeability principles in

recognition of the extraordinary risks that arise when a defendant chooses a customer self-service business model." Ibid.

Plaintiff's argument to apply the mode-of-operation rule to infer negligence against defendants is without merit. Her accident did not result from the type of self-service activity contemplated under the mode-of-operation rule. Without any factual support, she alleges that she slipped and fell on a substance left on the stairs by someone carrying out trash to the apartment building's outside trash bins. Even assuming that is what happened, a tenant's disposal of trash is not a self-service component of defendants' businesses. Based on Prioleau, extending the mode-of-operation rule as plaintiff contemplates would render the rule superfluous.

To the extent we have not addressed any of plaintiff's arguments, we conclude they are without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3726-19