MAUDE PARMENTER, PLAINTIFF-APPELLANT, v. JARVIS DRUG STORE, INC., A CORPORATION OF NEW JERSEY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued December 2, 1957—Decided December 30, 1957.

Before Judges GOLDMANN, FREUND and CONFORD.

*Mr. Arthur C. Gillette* argued the cause for plaintiff-appellant.

*Mr. Sheldon Schiffman* argued the cause for defendant-respondent (*Mr. Wilbur A. Stevens,* attorney).

The opinion of the court was delivered by

CONFORD, J. A. D. Plaintiff sustained injuries when she slipped and fell just after entering defendant's drugstore. She appeals from an involuntary dismissal of her action with prejudice at the close of the plaintiff's evidence. While other questions are also argued, our disposition of the plea that plaintiff adduced sufficient proof to take the issue of defendant's liability for negligence to the jury will determine the appeal.

Plaintiff testified she entered the store by one of two regular entrances about noon on October 14, 1955. She was there as a shopper, intending to purchase. It was then raining "very hard" and "had been all the morning." It was "really coming down heavy." The door she came through gives entry directly into the store, without a vestibule. There was no mat or other protective device. The floor was linoleum covered. She testified, "I hadn't any more than got inside when my two feet went out from under me." As she lay on the floor, disabled, she felt the floor to be "all wet" and "all dirt." The floor was "slippery." In falling, her feet "shot out from under" her. On cross-examination she answered in the affirmative a question as to whether "the wind was blowing quite strongly" at the time she entered the store.

Another customer who was in the store at the time, Mrs. Braunsdorf, testified that she was facing the entrance through which plaintiff came in and saw her enter. She said plaintiff's "feet went out from under her." At the time, Mr. Width, the store manager, was a few feet away. The witness said she went over to help the plaintiff and that the floor where she lay was "very wet and slippery" and "my feet sort of slipped myself." She testified that the floor was "very wet because the rain had been coming in. Every time the door opened the wind blew the rain in."

The motion to dismiss was granted on the ground of lack of notice of the wet condition on the part of the· store operator. The court stated it considered that a jury could not reach any "reasonable inference that this condition had existed more than momentarily. * * * There is no evidence that it was an uncommon accumulation of water." We are constrained to disagree.

 There is no dispute as to the applicability here of the rule that the proprietor of premises to which the public is invited to do business is under a duty to use reasonable care to maintain the premises in a condition reasonably safe for the business invitee's use. *Bohn v. Hudson and Manhattan R. Co.*, 16 *N. J.* 180, 185 (1954). But defendant's default in this kind of case requires a showing not only that the condition of the premises was unsafe but that defendant was at fault in failing to remedy the situation after having knowledge of the condition or after the existence of the condition for such a length of time as reasonably to have resulted in knowledge and correction had the defendant been reasonably diligent. Thus liability may be posited on either actual knowledge or implied notice of the risk involved. *Ibid.*, 16 *N. J.* at *page* 190. In the present case there is no direct evidence of actual knowledge, and the crucial question is whether the jury could reasonably have found the stated requisites for implied notice.

██ The trial court cited *Brody v. Albert Lifson & Sons*, 17 *N. J.* 383 (1955), as supposedly authoritative against liability here because of the absence of any evidence that this floor was intrinsically susceptible to slipperiness when wet. We do not read the decision that way. The court there held only that, absent other evidence of knowledge by the proprietor of the dangerous condition of the flooring, liability postulated upon imputed notice could be sustained by expert evidence that the intrinsic quality of the flooring material and the nature of the construction of the floor were such that, in combination with the presence of water, a slippery condition would ensue. In other words, the proprietor is bound to realize the existence of a dangerous

condition intrinsic in the structure of his property, at least in this kind of context. But neither that case nor others which involved similar efforts to fasten liability upon the basis of intrinsic slipperiness of flooring can be taken as authority that no other factual basis for imputing notice to a proprietor of the slipperiness of a floor is ever tenable.

In the present case there was affirmative proof that the floor was very wet and slippery when plaintiff fell. The jury could easily have inferred that the slippery condition was due to the wetness of the floor. Moreover, the testimony of Mrs. Braunsdorf supported the idea that the wetness of the floor was attributable to the entry of rain blown or carried in when the door was opened by customers. The dirtiness of the water tended to be corroborative of the length of time it lay on the floor. So, too, was the testimony as to the severity and duration of the storm, in the light of the testimony of Mrs. Braunsdorf just mentioned. In these circumstances the assessment of liability was for the jury. It was for it to say whether the wet condition, inferably the cause of the slipperiness, had lasted for such a period of time that reasonable attention thereto would have both apprised defendant of the danger to its invitees and led to the remedying thereof. If the defendant knew that the floor was wet, a jury certainly was free to find that such knowledge carried with it knowledge that the floor was probably slippery. It is not beyond ordinary experience that a wet linoleum floor is apt to be slippery, and it does not take an expert to prove it. Here, moreover, no less than in other types of negligence action, the plaintiff was entitled on such a motion to the benefit of every legitimate favorable inference from the testimony in support of the necessary constituents of her case, both those involving the showing of requisite facts and those pertaining to satisfaction by the defendant of the due standard of care. *Bohn v. Hudson & Manhattan R. Co., supra* (16 *N. J.* at *page* 188). The motion for involuntary dismissal should have been denied.

*Bodine v. Goerke Co.,* 102 *N. J. L.* 642 (*E. & A.* 1926), does not compel a different conclusion. Evidence probative

of an inference of knowledge or imputable notice was apparently lacking there. The discussion in the *Bodine* opinion of *Cooper v. Reinhardt,* 91 *N. J. L.* 402 (*Sup. Ct.* 1918), and the reconciliation therein of that decision with *Schnatterer v. Bamberger,* 81 *N. J. L.* 558 (*E. & A.* 1911), solely on the point as to the sufficiency of the proof as to the length of time the defective condition had existed, indicate the compatibility of the *Bodine* case with the conclusion here, in principle.

Reversed.