**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3267-18T2

BEVERLY JACKSON,

    Plaintiff-Appellant,

v.

SHOPRITE OF EWING,
SAKER SHOPRITES, INC.,

    Defendant-Respondent.

_____

Argued December 10, 2019 – Decided December 31, 2019

Before Judges Accurso and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-0540-17.

Stuart A. Tucker argued the cause for appellant (Szaferman, Lakind, Blumstein & Blader, PC, attorneys; Stuart A. Tucker, of counsel and on the brief; Melissa A. Chimbangu, on the brief).

David G. Lucas, Jr. argued the cause for respondent (Wolff, Helies, Spaeth & Lucas, attorneys; Patricia Mary Reilly, on the brief).

PER CURIAM

Beverly Jackson appeals from a summary judgment order dismissing her premises liability complaint against defendant Saker ShopRites, improperly pled as Shoprite of Ewing, Saker Shoprites.  Finding no error in the trial court's analysis of constructive notice on summary judgment, we affirm.

The essential facts are undisputed, as they were captured on the supermarket's surveillance video system.  The video shows a man and two teenagers, one with a shopping basket, walking through the pharmacy section of the brightly lit store.  Shortly after they pass a product display, a plastic bottle falls onto the floor, dislodging its cap.  One of the boys returns the bottle to the shelf and the man restores its cap.  Three minutes later, Jackson walks through the same area, slips and falls.  The parties agree she slipped on a quarter-size dollop of Herbal Essences shampoo from the bottle that had just fallen from the shelf.

Jackson testified at her deposition that she had shopped at the store every day for thirty years and continues to do so.  She has never seen anything on the floor or ever had trouble with her footing.  The store has no written policy governing inspections or addressing spills.  Defendant's full-time loss prevention specialist testified at his deposition that each store conducts monthly safety meetings with management and different store employees to

review any incident occurring in the prior month. Participants discuss how the incidents might have been avoided and walk the store looking for safety hazards. Employees are instructed to immediately clean up any spill or wetness on the floor or to remain at the spill until maintenance personnel arrive to clean it up.

Following discovery, defendant moved for summary judgment, contending plaintiff failed to carry her burden to show the store had actual or constructive notice of the shampoo on the floor. After hearing argument, Judge Walcott-Henderson granted the motion. She found no dispute over the store's lack of actual notice and concluded the three minutes that elapsed between the spill and plaintiff's fall could not create constructive notice as a matter of law.

Plaintiff appeals, contending that whether three minutes was sufficient to provide defendant constructive notice of the spill was a genuine issue of material fact for the jury, as was whether the store reasonably inspected the premises for dangerous conditions and whether it failed to "have and implement safety policies and procedures." We disagree.

We review summary judgment using the same standard that governs the trial court. Murray v. Plainfield Rescue Squad, 210 N.J. 581, 584 (2012).

A-3267-18T2

Thus, we consider "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Liberty Surplus Ins. Corp., Inc. v. Nowell Amoroso, P.A., 189 N.J. 436, 445-46 (2007) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 536 (1995)). In considering application of the law to the facts adduced on the motion, our review is de novo without deference to any interpretive conclusions we believe mistaken. Nicholas v. Mynster, 213 N.J. 463, 478 (2013); Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). Applying those principles here, we agree summary judgment was appropriate.

In order to establish defendant's liability, plaintiff needed to show: "(1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and (4) damages." Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014) (quoting Jersey Cent. Power & Light Co. v. Melcar Util. Co., 212 N.J. 576, 594 (2013)). Because this is a premises liability case and plaintiff a business invitee, see Rowe v. Mazel Thirty, LLC, 209 N.J. 35, 43 (2012), defendant owed plaintiff "a duty of reasonable care to guard against any dangerous conditions on [its] property that the owner either knows about or should have discovered. That standard of care encompasses the duty to

4

conduct a reasonable inspection to discover latent dangerous conditions." Id. at 44 (quoting Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 434 (1993)). "[A]n invitee seeking to hold a business proprietor liable in negligence 'must prove, as an element of the cause of action, that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident.'" Prioleau v. Ky. Fried Chicken, Inc., 223 N.J. 245, 257 (2015) (quoting Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563 (2003)).

The absence of actual or constructive notice of the dangerous condition is generally fatal to a plaintiff's claim of premises liability, Arroyo v. Durling Realty, LLC, 433 N.J. Super. 238, 243 (App. Div. 2013), and it was here. The undisputed facts in the motion record make clear defendant was without actual notice of the spilled shampoo on which plaintiff slipped. There was also no dispute that the shampoo was on the floor for only three minutes before Jackson encountered it, not enough time to give rise to constructive notice. "The mere '[e]xistence of an alleged dangerous condition is not constructive notice of it.'" Ibid. (quoting Sims v. City of Newark, 244 N.J. Super. 32, 42 (Law Div. 1990)).

"A defendant has constructive notice when the condition existed 'for such a length of time as reasonably to have resulted in knowledge and

correction had the defendant been reasonably diligent.'" Troupe v. Burlington

Coat Factory Warehouse Corp., 443 N.J. Super. 596, 602 (App. Div. 2016)

(quoting  Parmenter v. Jarvis Drug Stores, Inc., 48 N.J. Super. 507, 510 (App.

Div. 1957)).  Plaintiff offers nothing to suggest that those three minutes during

which the shampoo remained on the floor of the pharmacy section provided the

supermarket a reasonable opportunity to discover and remove it, no matter how

diligent its employees, and we agree with the trial judge that no reasonable

jury could make such a finding on these facts.

We also fail to understand how the absence of a written policy for

inspecting and correcting such spills could change the analysis.  Plaintiff

offered nothing to contradict the testimony of defendant's loss prevention

specialist that the store conducts regular safety meetings, and employees are

instructed to clean up spills immediately and not leave them unattended.

Plaintiff's own daily visits for over thirty years, during which she has never

seen anything left on the floor, do not suggest the lack of a written policy has

led to a failure to exercise reasonable care in maintenance of the store.

Having reviewed the motion record, we are satisfied plaintiff failed to

establish a prima facie case of premises liability, entitling defendant to

summary judgment dismissing the complaint.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION