**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2627-19

DENEAN DAVIS,

      Plaintiff-Appellant,

v.

DGMB CASINO, LLC d/b/a
RESORTS CASINO HOTEL,

      Defendant-Respondent.

_____

Submitted March 17, 2021 – Decided May 25, 2021

Before Judges Geiger and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-0578-18.

D'Arcy Johnson Day, attorneys for appellant (Kelli A. Prinz and Michael A. Gibson, on the briefs).

Cooper Levenson, PA, attorneys for respondent (Jennifer B. Barr and Justin A. Britton, on the brief).

PER CURIAM

Plaintiff Denean Davis appeals from a January 24, 2020 order granting summary judgment to defendant Resorts Casino Hotel and dismissing her claims with prejudice. On appeal, plaintiff argues that a genuine issue of material fact existed as to constructive notice that should have been resolved by a jury. Having reviewed the record, and in light of the applicable law, we affirm.

The motion record, construed in the light most favorable to plaintiff as the non-moving party, Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523, 540 (1995), reveals the following facts. At approximately 9 a.m. on April 11, 2016, plaintiff arrived at defendant's casino in Atlantic City. After gambling for about an hour, plaintiff went outside to take a phone call. When she exited the building, the mat directly in front of the door was flush against the ground. Plaintiff exited the building at 10:16 a.m. and re-entered, using the same door, forty-two seconds later. No other patrons exited or entered through that door in those forty-two seconds. When plaintiff came back inside, the rug was "buckled." Plaintiff fell on the rug and sustained serious injuries to her back and right leg.

In March 2018, plaintiff filed a complaint in the Law Division alleging defendant's negligence caused her injuries. Defendant filed an answer, and the

parties exchanged discovery. After the close of discovery, defendant moved for summary judgment.

Following oral argument, the judge granted defendant's motion and dismissed plaintiff's complaint with prejudice. The judge determined that defendant had no opportunity to discover and correct the condition of the mat in the forty-two second period between the time plaintiff exited and when she re-entered through the same door. This appeal ensued.

We review a ruling on a summary judgment motion de novo, applying the same standard governing the trial court. Conley v. Guerrero, 228 N.J. 339, 346 (2017) (citing Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016)). Summary judgment is appropriate" if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c); see also Brill, 142 N.J. at 540. We review issues of law de novo and accord no deference to the trial court's legal conclusions. Nicholas v. Mynster, 213 N.J. 463, 477-78 (2013).

In order to establish defendant's liability, plaintiff needed to show: "(1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and

(4) damages." Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014) (quoting Jersey Cent. Power & Light Co. v. Melcar Util. Co., 212 N.J. 576, 594 (2013)). Because this is a premises liability case and plaintiff was a business invitee, See Rowe v. Mazel Thirty, LLC, 209 N.J. 35, 43 (2012), defendant owed plaintiff "a duty of reasonable care to guard against any dangerous conditions on [its] property that the owner either knows about or should have discovered." Id. at 44 (quoting Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 434 (1993)). "[A]n invitee seeking to hold a business proprietor liable in negligence 'must prove, as an element of the cause of action, that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident.'" Prioleau v. Ky. Fried Chicken, Inc., 223 N.J. 245, 257 (2015) (quoting Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563 (2003)).

The absence of actual or constructive notice of the dangerous condition is generally "fatal to [a] plaintiff's claim of premises liability." Arroyo v. Durling Realty, LLC, 433 N.J. Super. 238, 243 (App. Div. 2013). The undisputed facts in the motion record make clear defendant did not have actual notice of the buckled rug on which plaintiff fell.

It is well-established that:

> A defendant has constructive notice when the condition existed "for such a length of time as reasonably to have

resulted in knowledge and correction had the defendant been reasonably diligent." Parmenter v. Jarvis Drug Stores, Inc., 48 N.J. Super. 507, 510 (App. Div. 1957). Constructive notice can be inferred in various ways. The characteristics of the dangerous condition giving rise to the slip and fall, see, Tua v. Modern Homes, Inc., 64 N.J. Super. 211, 220 (App. Div. 1960) (finding constructive notice where wax on the floor had hardened around the edges), or eyewitness testimony, see, Grzanka v. Pfeifer, 301 N.J. Super. 563, 574 (App. Div. 1997), certif. denied, 154 N.J. 607 (1998) (finding constructive notice where eyewitness noted the light had been out for a while) may support an inference of constructive notice about the dangerous condition.

[Troupe v. Burlington Coat Factory Warehouse Corp., 443 N.J. Super. 596, 602 (App. Div. 2016).]

"The mere '[e]xistence of an alleged dangerous condition is not constructive notice of it.'" Arroyo, 433 N.J. Super. at 243 (alteration in original) (quoting Sims v. City of Newark, 244 N.J. Super. 32, 42 (Law Div. 1990)).

According to plaintiff's own testimony and surveillance footage, the rug became buckled in the forty-two seconds between the time plaintiff exited and then reentered through the same door. We conclude, as did the motion judge, that the forty-two seconds during which the rug buckled was insufficient to support a finding of constructive notice.

To the extent we have not addressed any of plaintiff's remaining arguments, we conclude that they are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2627-19