**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2153-19

KELLY MCKISKI and
BRIAN MCKISKI,
wife and husband,

     Plaintiffs-Appellants,

v.

HARRAH'S ATLANTIC CITY
OPERATING COMPANY, LLC,
d/b/a HARRAH'S RESORT
ATLANTIC CITY,

     Defendant-Respondent.

_____

        Argued March 22, 2021 – Decided September 27, 2021

        Before Judges Currier and DeAlmeida.

        On appeal from the Superior Court of New Jersey, Law
        Division, Atlantic County, Docket No. L-0251-18.

        R.C. Westmoreland argued the cause for appellants
        (Westmoreland Vesper Quattrone & Beers, PA,
        attorneys; R.C. Westmoreland, on the briefs).

Jennifer B. Barr argued the cause for respondents (Cooper Levenson, PA, attorneys; Victor P. Wasilauskas, III, and Jennifer B. Barr, on the brief).

The opinion of the court was delivered by

DeALMEIDA, J.A.D.

Plaintiffs Kelly McKiski and Brian McKiski appeal from the December 16, 2019 order of the Law Division granting summary judgment to defendant Harrah's Atlantic City Operating Company, LLC d/b/a Harrah's Resort Atlantic City (Harrah's) in this slip-and-fall premises liability action. We affirm.

I.

The motion record, construed in the light most favorable to plaintiffs as the non-moving parties, Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520 (1995), reveals the following facts. On February 6, 2016, Kelly[1] was a patron at a hotel casino operated by Harrah's in Atlantic City. It is undisputed that while Kelly was walking in a public area of the property she slipped on liquid on a marble floor and fell.

Kelly filed a complaint in the Law Division alleging that Harrah's breached its duty of reasonable care to her by not remediating a dangerous

---

[1] Because the plaintiffs share a surname we refer to them by their first names. We intend no disrespect.

A-2153-19

condition on its property of which it was, or should have been, aware. Kelly alleged she suffered personal injuries as a result of that breach of duty and Brian brought a derivative per quod claim.

Harrah's subsequently moved for summary judgment, arguing that no reasonable jury could find, based on the evidence produced during discovery, that Harrah's created the dangerous condition, had actual or constructive notice of its existence, or an adequate opportunity to ameliorate the harm posed by the condition, prior to Kelly's accident. Harrah's relied in large part on a video surveillance recording that captured Kelly's fall and preceding events.

The recording depicts a busy area of the hotel casino lobby adjacent to rows of operating slot machines. A group of young patrons carrying pillows, sleeping bags, and a number of other items enter the area and approach a column, where they stop to arrange their belongings. One member of the group places or drops a bag containing a bottle of liquor on the floor. It appears that this action broke the bottle and caused the spill that resulted in Kelly's fall. Although a few members of the group made an effort to clean up the spill, it is undisputed that liquid and broken glass remained on the floor near the column. One minute and three seconds after the spill, the group departs. Twenty seconds later, Kelly walks past the column, slips on the liquid, and falls to the floor.

3

Although no Harrah's employees are seen in the recording in the area of the spill until they come to Kelly's aid after her fall, plaintiffs argued that two security guards were assigned to locations approximately ten to twelve feet from the site of the spill, and another employee may have been present at a bell captain's station twenty feet from the spill, at the time the bottle broke. They argued that a reasonable jury could infer from the evidence that these Harrah's employees should have heard the bottle break, responded to the site of the spill, and protected patrons from falling in the minute and twenty-three seconds prior to Kelly's accident. At oral argument on the motion, plaintiffs' counsel conceded Harrah's did not have actual notice of the spill.

The trial court issued an oral opinion granting the motion. The court concluded that no reasonable jury could find that the one minute and twenty-three seconds between the spill and Kelly's fall provided Harrah's with a reasonable opportunity to notice and remove the dangerous condition that caused her to fall. Thus, the court concluded, Harrah's could not be charged with constructive notice of the danger created by the spill. Simply put, the court found "as a matter of law that [Harrah's] had insufficient time to become aware of the spill and clean it up" before Kelly's accident. Because Harrah's did not

4

have notice of the spill, the court reasoned, it did not breach a duty to Kelly to remove the hazard that caused her injuries.

In light of its conclusions, on December 16, 2019, the trial court entered an order granting defendant's motion and dismissing the complaint with prejudice.

This appeal follows. Plaintiffs argue the trial court erred by resolving genuine issues of material fact, applying inapplicable legal precedents, and rejecting the expert opinion offered by plaintiffs in opposition to the summary judgment motion.

## II.

We review the trial court's decision granting summary judgment de novo, using "the same standard that governs trial courts in reviewing summary judgment orders." Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div. 1998). Rule 4:46-2(c) provides that a court should grant summary judgment when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." "Thus, the movant must show that there does not exist a 'genuine issue' as to a material fact and not

5

simply one 'of an insubstantial nature'; a non-movant will be unsuccessful 'merely by pointing to <u>any</u> fact in dispute.'" <u>Prudential</u>, 307 N.J. Super. at 167 (quoting <u>Brill</u>, 142 N.J. at 529-30).

In order to prove defendant's liability, plaintiffs needed to establish: "(1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and (4) damages." <u>Davis v. Brickman Landscaping, Ltd.</u>, 219 N.J. 395, 406 (2014) (quoting <u>Jersey Cent. Power & Light Co. v. Melcar Util. Co.</u>, 212 N.J. 576, 594 (2013)). Because Kelly was a business invitee, Harrah's owed her "a duty of reasonable care to guard against any dangerous conditions on [its] property that [it] either knows about or should have discovered." <u>Rowe v. Mazel Thirty, LLC</u>, 209 N.J. 35, 44 (2012) (quoting <u>Hopkins v. Fox & Lazo Realtors</u>, 132 N.J. 426, 434 (1993)). "[A]n invitee seeking to hold a business proprietor liable in negligence 'must prove, as an element of the cause of action, that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident.'" <u>Prioleau v. Ky. Fried Chicken, Inc.</u>, 223 N.J. 245, 257 (2015) (quoting <u>Nisivoccia v. Glass Gardens, Inc.</u>, 175 N.J. 559, 563 (2003)).

The absence of actual or constructive notice of the dangerous condition is generally "fatal to [a] plaintiff's claim of premises liability." <u>Arroyo v. Durling</u>

Realty, LLC, 433 N.J. Super. 238, 243 (App. Div. 2013). It is well-established that:

> [a] defendant has constructive notice when the condition existed "for such a length of time as reasonably to have resulted in knowledge and correction had the defendant been reasonably diligent." Parmenter v. Jarvis Drug Stores, Inc., 48 N.J. Super. 507, 510 (App. Div. 1957). Constructive notice can be inferred in various ways. The characteristics of the dangerous condition giving rise to the slip and fall, see, Tua v. Modern Homes, Inc., 64 N.J. Super. 211, 220 (App. Div. 1960) (finding constructive notice where wax on the floor had hardened around the edges), or eyewitness testimony, see, Grzanka v. Pfeifer, 301 N.J. Super. 563, 574 (App. Div. 1997) . . . (finding constructive notice where eyewitness noted the light had been out for a while) may support an inference of constructive notice about the dangerous condition.
>
> [Troupe v. Burlington Coat Factory Warehouse Corp., 443 N.J. Super. 596, 602 (App. Div. 2016).]

"The mere '[e]xistence of an alleged dangerous condition is not constructive notice of it.'" Arroyo, 433 N.J. Super. at 243 (alteration in original) (quoting Sims v. City of Newark, 244 N.J. Super. 32, 42 (Law Div. 1990)).

We have carefully reviewed the record and conclude, as did the motion judge, that the one minute and twenty-three seconds during which the liquid was on the lobby floor was insufficient to support a finding of constructive notice of the dangerous condition that caused Kelly's fall. Plaintiffs identified no

7

evidence from which a reasonable jury could conclude that any employee of Harrah's was in close enough proximity to the site of the spill to hear the bottle break or that the spill was evident for an adequate period of time that it would have been discovered through the exercise of reasonable diligence by the members of Harrah's staff stationed in the lobby. Plaintiffs' suggestion that Harrah's employees should have heard or noticed the spill in time to prevent Kelly's fall is based solely on speculation relating to the position of those employees at the time of the spill and the audio conditions in the busy lobby.

We also see no error in the trial court's implicit rejection of the expert opinion offered by plaintiffs. The opinion, set forth in a written report, is not predicated on accepted industry standards or practices regarding the maintenance of hotel properties. It is instead the net opinion of the expert that the Harrah's employees in the lobby at the time of the spill should have, in effect, immediately noticed the dangerous condition and prevented Kelly's fall. The opinion, therefore, is inadmissible. See Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 373 (2011) ("[I]f an expert cannot offer objective support for his or her opinions, but testifies only to a view about a standard that is 'personal,' it fails because it is a mere net opinion.").

To the extent we have not specifically addressed any of plaintiffs' remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2153-19