**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4325-19

SHIRLEY A. BROADNAX,

     Plaintiff-Appellant,

v.

AJS SUPERMARKETS, LLC,[1]

     Defendant-Respondent.

_____

          Argued October 4, 2021 – Decided November 5, 2021

          Before Judges Fasciale and Sumners.

          On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-7899-18.

          David M. Wasserman argued the cause for appellant (Andrew Park, PC, attorneys; David M. Wasserman, on the brief).

          Charles B. Carey argued the cause for respondent (Carey & Grossi, attorneys; Charles B. Carey, on the brief).

PER CURIAM

_____

[1] Improperly pled as Shoprite of Hillside.

Plaintiff Shirley Broadnax was injured after slipping and falling on clear liquid on the floor near the checkout area at a supermarket owned and operated by defendant AJS Supermarkets, LLC. Litigation ensued and following the end of discovery, the motion judge granted summary judgment to defendant on the basis that plaintiff failed to present any evidence that defendant had actual or constructive notice of the dangerous condition. The judge did not reverse his ruling on plaintiff's reconsideration motion, rejecting plaintiff's sole and belated argument that the mode-of-operation rule applied to alleviate plaintiff's burden to prove defendant had constructive notice of the dangerous condition.

Before us, plaintiff argues summary judgment should not have been granted because there was a genuine issue of material fact as to whether defendant had "constructive notice of the spill when a video show[ed] its employee walking right by the spill." Plaintiff further contends the judge should have applied the "mode-of-operation rule to eliminate the notice requirement." We conclude reversal is appropriate because the jury should be allowed to determine if defendant's employee had actual or constructive notice of the dangerous condition.

Appellate review of a ruling on a motion for summary judgment is de novo, applying the same standard governing the trial court. Davis v. Brickman

Landscaping, Ltd., 219 N.J. 395, 405 (2014) (citations omitted).  Thus, we consider, as the motion judge did, "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party."  Id. at 406 (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)).  If the judge finds no genuine issue of material fact, the judge must then "decide whether the [motion judge] correctly interpreted the law."  DepoLink Court Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (quoting Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494 (App. Div. 2007)).  We accord no deference to the motion judge's legal conclusions.  Nicholas v. Mynster, 213 N.J. 463, 478 (2013) (citing Zabilowicz v. Kelsey, 200 N.J. 507, 512-13 (2009)).

To prove defendant's liability, plaintiff needed to establish: "(1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and (4) damages."  Davis, 219 N.J. at 406 (quoting Jersey Cent. Power & Light Co. v. Melcar Util. Co., 212 N.J. 576, 594 (2013)).  Because plaintiff was a business invitee, defendant owed her "a duty of reasonable care to guard against any dangerous conditions on [its] property that [it] either knows about or should have discovered."  Rowe v. Mazel Thirty, LLC, 209 N.J. 35, 44 (2012) (quoting

3

Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 434 (1993)).  "[A]n invitee seeking to hold a business proprietor liable in negligence 'must prove, as an element of the cause of action, that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident.'"  Prioleau v. Ky. Fried Chicken, Inc., 223 N.J. 245, 257 (2015) (quoting Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563 (2003)).

The absence of actual or constructive notice of the dangerous condition is generally "fatal to [a] plaintiff's claim[] of premises liability." Arroyo v. Durling Realty, LLC, 433 N.J. Super. 238, 243 (App. Div. 2013).  It is well established that:

> [a] defendant has constructive notice when the condition existed 'for such a length of time as reasonably to have resulted in knowledge and correction had the defendant been reasonably diligent.' Parmenter v. Jarvis Drug Stores, Inc., 48 N.J. Super. 507, 510 (App. Div. 1957).  Constructive notice can be inferred in various ways. The characteristics of the dangerous condition giving rise to the slip and fall, see, Tua v. Modern Homes, Inc., 64 N.J. Super. 211, 220 (App. Div. 1960) (finding constructive notice where wax on the floor had hardened around the edges), or eyewitness testimony, see, Grzanka v. Pfeifer, 301 N.J. Super. 563 (App. Div. 1997) . . . (finding constructive notice where eyewitness noted the light had been out for a while) may support an inference of constructive notice about the dangerous condition.

A-4325-19

[Troupe v. Burlington Coat Factory Warehouse Corp.,
443 N.J. Super. 596, 602 (App. Div. 2016).]

"The mere '[e]xistence of an alleged dangerous condition is not constructive notice of it.'" Arroyo, 433 N.J. Super. at 243 (alteration in original) (quoting Sims v. City of Newark, 244 N.J. Super. 32, 42 (Law Div. 1990)).

Based upon our de novo review and applying the same standard governing the trial court, Davis, 219 N.J. at 405 (citations omitted), we conclude summary judgment should not have been granted to defendant. Viewing the facts in the light most favorable to plaintiff, the non-moving party, a rational factfinder could find that defendant had constructive notice of the dangerous condition that caused her fall. See id. at 406 (quoting Brill, 142 N.J. at 540).

After paying for her groceries, plaintiff was exiting defendant's supermarket walking through the checkout area when she suddenly slipped and fell to the ground. After a fellow customer helped her get up, plaintiff saw that she slipped on clear liquid detergent. She then went to an emergency room where she was treated for various back and lower-body injuries.

After filing a negligence action against defendant, discovery revealed video camera surveillance footage[2] showing that about a minute before plaintiff slipped and fell, a bottle of liquid fell from another exiting customer's shopping cart, spilling clear liquid on the floor. The customer left the store, seemingly unaware of the mishap. Within a minute between the spill occurring and plaintiff walking through it and falling, two other customers, apparently not noticing the substance, exited near the spill. A store employee also walked near the spill but either choose to ignore it or did not notice it before leaving the area. Seconds later, plaintiff slipped on the liquid and fell.

The store manager was shown the video during his deposition. He explained that all store employees are responsible for "watching out for tripping hazards." He stated it was company policy that an employee who sees a liquid on the floor is instructed to "[s]ecure the area" by "basically stand[ing] there, mak[ing] sure that the area is safe, this way nobody trips or falls, and in the meantime summon assistance to clean[]up whatever foreign matter may be on the floor." He said store employees did not have notice of the spill that caused

---

[2]  The video is not included in the trial record. Our reference to the video is based on both the motion judge's comments regarding the video in his oral decision and the defendant's store manager's deposition testimony describing what he observed as he contemporaneously watched portions of the video.

plaintiff's injury because the video's timeframe of "a minute or two or less" between the liquid spilling and plaintiff's fall made it "impossible for [the store] to react." He thus concluded defendant's safety protocols were not violated.

We conclude that viewing these facts in the light most favorable to plaintiff, there is a question of material fact for a jury to decide whether defendant had constructive notice of the liquid the floor when a store employee walked by it moments before plaintiff slipped and fell. This is not a situation where plaintiff sought to establish defendant had constructive notice of a dangerous condition because of its presence for a reasonable time but failed to remove it. Plaintiff's reliance on the video footage is akin to eyewitness testimony. The video depicted a bottle falling out of a customer's cart, spilling clear liquid on the floor, and defendant's employee walking by the spill just before plaintiff's accident. We cannot say whether the employee should have noticed the spill and then followed the store policy of blocking off the area of the spill before it could be cleaned. Given the lack of deposition testimony or certification from the employee, there is no evidence what the employee saw prior to plaintiff's fall. We disagree with the motion judge that based upon the video footage, "it would be unreasonable to conclude the employee should have seen the spilled material in the circumstances." The jury, not the judge, should

7

resolve whether the employee should have seen the liquid, and if so, followed the store policy to secure the area. Hence, the summary judgment order dismissing plaintiff's complaint is vacated so plaintiff's claims can be decided by a jury at trial.

As for plaintiff's contention that the motion judge erred on reconsideration in rejecting her claim that the mode-of-operation rule applies, we disagree.[3] The rule provides an inference of negligence against a defendant business establishment by relieving a plaintiff of proving the defendant had actual or constructive notice of a particular dangerous condition if the defendant's mode of operation created the condition that caused the accident. Prioleau, 223 N.J. at 248. Our Supreme Court made clear in Prioleau that the mode-of-operation rule does not apply where there is no evidence the "plaintiff's accident . . . bears the slightest relationship to any self-service component of defendants' business." Id. at 264. Thus, the rule was not applicable where the plaintiff alleged that her slip and fall at a fast-food restaurant was caused by either grease tracked on the floor by employees working in the kitchen or patrons tracking water into building during rainy weather. Id. at 264-65.

---

[3] Normally, an argument not raised on a motion cannot be considered on a reconsideration motion. However, because the motion judge considered the argument, we do as well.

Our courts have "never . . . expanded [the mode-of-operation rule] beyond the self-service setting, in which customers independently handle merchandise without the assistance of employees or may come into direct contact with product displays, shelving, packaging, and other aspects of the facility that may present a risk." Id. at 262. "Thus, the mode-of-operation rule is not a general rule of premises liability, but a special application of foreseeability principles in recognition of the extraordinary risks that arise when a defendant chooses a customer self-service business model." Ibid.

Plaintiff's contention that the motion judge erred in refusing to apply the mode-of-operation rule is without merit. The judge ruled

> there is no evidence in the record as to how the material was handled and packaged in the check-out lane, by whom it was handled and whether that activity caused the sealed bottle to fall onto the floor. In the absence of record evidence supporting the possible application of the doctrine to the circumstances here, it is not appropriate on this record to adopt an expansion of the doctrine . . . were this [c]ourt empowered to do so.

We agree with the judge that the mode-of-operation rule is not applicable here because there was no evidence that the accident resulted from the type of self-service activity contemplated under the rule. Based upon the motion record that was limited to the discovery that had closed, plaintiff's slip-and-fall accident was caused by a spill from a bottle of liquid detergent that fell from an

customer's cart. There is no indication the spill was related to self-service activity by the customer, i.e., the customer filled the bottle with liquid detergent but failed to secure its contents. Based on <u>Prioleau</u>, extending the mode-of-operation rule as plaintiff seeks would render it superfluous.

To the extent we have not addressed any of plaintiff's arguments, we conclude they are without sufficient merit to warrant discussion in this opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4325-19