**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3572-22

JAMIE STERLACCI,

    Plaintiff-Appellant,

v.

WAWA FOOD MARKET,

    Defendants-Respondents.

_____

        Agued May 29, 2024 – Decided August 27, 2024

        Before Judges Sumners and Rose.

        On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-1862-21.

        James Bayard Smith argued the cause for appellant (John J. Pisano, and Smith and Williams Law Firm, LLC, attorneys; John J. Pisano, on the brief).

        Richard S. Ranieri argued the cause for respondent (Weber Gallagher Simpson Stapleton Fires & Newby LLP, attorneys; Richard S. Ranieri and James E. Hajel, on the brief).

PER CURIAM

In this negligence action arising from plaintiff's slip and fall on black ice at defendant's parking lot, plaintiff appeals the summary judgment dismissal of her complaint. The court ruled that as a matter of law, plaintiff failed to establish defendant had actual or constructive notice of the hazardous condition. We reverse the order and remand for a trial on all issues.

We review the motion court's order de novo, Prudential Prop. & Cas. Ins. Co. v. Boylan, 307 N.J. Super. 162, 167 (App. Div. 1998), applying the same standard as the court, Statewide Ins. Fund v. Star Ins. Co., 253 N.J. 119, 124-25 (2023). Summary judgment should be granted when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). The evidence is viewed in the light most favorable to the non-moving party. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995); see also R. 4:46-2(c).

In New Jersey, a business owes a duty of reasonable care to invitees "to provide a safe environment for doing that which is within the scope of the invitation." Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563 (2003) (citing Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 433 (1993)). The duty of due

care to invitees "requires a business owner to discover and eliminate dangerous conditions, to maintain the premises in safe condition, and to avoid creating conditions that would render the premises unsafe." Ibid. "Ordinarily an injured plaintiff . . . must prove, as an element of the cause of action, that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident." Ibid.; see also Prioleau v. Ky. Fried Chicken, Inc., 223 N.J. 245, 257 (2015). The absence of actual or constructive notice of a dangerous condition "is fatal to [a] plaintiff's claims of premises liability." Arroyo v. Durling Realty, LLC, 433 N.J. Super. 238, 243 (App. Div. 2013). "A defendant has constructive notice when the condition existed 'for such a length of time as reasonably to have resulted in knowledge and correction had the defendant been reasonably diligent.'" Troupe v. Burlington Coat Factory Warehouse Corp., 443 N.J. Super. 596, 602 (App. Div. 2016) (quoting Parmenter v. Jarvis Drug Stores, Inc., 48 N.J. Super. 507, 510 (App. Div. 1957)).

Here, plaintiff went to defendant's gas station and convenience store in Rahway between midnight and 12:30 a.m. on February 17, 2021. It was not snowing or raining at the time, but there had been a snowstorm on February 15, continuing into February 16. Main roads were plowed clear by that evening/early morning, but some snow and ice remained on side roads.

3

Plaintiff described the weather conditions as freezing cold when she drove into defendant's parking lot. After exiting her vehicle, plaintiff walked to the store's entrance and slipped on black ice on the parking lot surface causing her to fall to the ground. She maintains she did not see the ice until after she fell. Looking around the lot, she saw additional black and shiny ice on the surface of the parking lot and no evidence of salt or sand where she parked to prevent someone from slipping and falling. Plowed snow was pushed up along the edge of the parking lot in front of the parking spaces.

One of defendant's employees standing by the gas pumps responded to plaintiff's fall and saw the ice where she fell. The employee admitted that the area of plaintiff's fall should have been salted or cordoned off.

Plaintiff filed a negligence action against defendant, claiming she sustained permanent back injuries from the accident. After discovery, defendant successfully moved for summary judgment.

In its bench decision, the motion court found plaintiff's liability claims were "speculative" because she "did not demonstrate [defendant] had any actual or constructive notice of the black ice plaintiff slipped on." The court, noting plaintiff had no difficulty driving on the roads or to the parking lot, reasoned her claim that defendant had constructive notice of the hazardous condition lacks

support because she failed to establish through an expert how the ice had formed by the time she fell. The court maintained plaintiff need to explain how the ambient air and ground temperatures following the snowstorm caused black ice.

Looking at the facts in the light most favorable to plaintiff, we conclude there exists a genuine issue of material fact as to whether defendant had constructive knowledge of the hazardous condition that caused her accident. The area including defendant's business experienced a snowstorm over the course of two days prior to plaintiff's accident. Defendant's parking lot was cleared of snow and ice to allow customers to safely ingress/egress its store. The plowed snow was pushed up in front of the parking spaces. A reasonable jury could find defendant had constructive notice of the black ice that caused plaintiff's injury. A reasonable jury could infer, without an expert's opinion that the snow plowed to the edge of the parking spaces melted during the day and the resulting water leaked onto the parking lot and formed into black ice when the freezing cold temperature that night based on plaintiff's photographs showing melted snow. A reasonable jury could then find defendant was negligent in failing to take precautions by applying a substance to prevent the hazardous condition where plaintiff fell. Accordingly, based on our de novo review of the record, summary judgment should not have been granted.

A-3572-22

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3572-22