**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0439-24

ROBERT FREUND and JOANN
FREUND,

     Plaintiffs-Appellants,

v.

HOME DEPOT U.S.A., INC.,

     Defendant-Respondent.

Submitted October 14, 2025 – Decided December 2, 2025

Before Judges Walcott-Henderson and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-4113-22.

Piro Zinna Cifelli Paris & Genitempo, LLC, attorneys for appellants (Daniel R. Bevere, of counsel and on the briefs).

D'Arcambal Ousley & Cuyler Burk, LLP, attorneys for respondent (Nada M. Peters and Elizabeth McPhillips, on the brief).

PER CURIAM

Plaintiffs Robert and Joann Freund appeal from a Law Division order granting summary judgment to defendant Home Depot U.S.A., Inc. ("Home Depot"), in this slip-and-fall negligence action. Plaintiffs contend the court erred by granting summary judgment because there were genuine issues of material fact in the record precluding summary judgment because: (1) a dangerous condition existed in Home Depot's parking lot which caused plaintiff to fall; (2) Home Depot had constructive notice of the condition; and (3) plaintiffs' expert opined Home Depot's safety inspection protocols were negligent. Plaintiffs further assert defendant failed to preserve crucial video evidence and the court erred by granting summary judgment in light of defendant's wrongdoing. Having considered the parties' arguments, the record, and governing legal principles, we affirm for the cogent reasons expressed by Judge Gregg A. Padovano in his oral decision.

I.

We set forth the following facts viewing all evidence and inferences in favor of plaintiff[1] as required by Rule 4:46-2(c). In May 2019, plaintiff drove to Home Depot's Riverdale store and parked in a handicapped space near the

---

[1] We refer to Robert Freund as plaintiff in the opinion as Joann Freund's claims are per quod only.

A-0439-24

entrance. After shopping for roughly 15-20 minutes, he exited the store, loaded his purchase into his vehicle, and noticed his empty shopping cart started rolling toward a nearby parked minivan. Plaintiff pursued the rolling cart, at which time he slipped and fell..

Plaintiff's complaint alleged he was injured after slipping in defendant's parking lot due to a dangerous condition on the paved surface of the lot. In his response to discovery requests, plaintiff asserted he did not observe any substance or object that could have caused him to slip at the time of the incident. He also stated he returned home after he fell due to pain and revisited the parking lot to investigate the next day. During his investigation, plaintiff claims to have observed and photographed what he believed to be an oil or grease stain near the area of his fall. Thereafter, he notified store management of his injury and the suspected dangerous condition.

During his deposition, plaintiff described slipping as if he were "skating on ice." He later reviewed the surveillance video that was produced in discovery that showed the location of his fall differed from the site of the oil stain. He could not identify any specific substance as the cause in the area where he actually fell. Plaintiff's expert report opined that plaintiff likely slipped on a slippery substance but failed to identify any specific hazard. The surveillance

3 A-0439-24

footage also revealed it was raining at the time, and multiple patrons traversed the same area before and after plaintiff's fall without incident.[2]

After discovery concluded, defendant moved for summary judgment, which plaintiff opposed. Oral argument was held before the judge, who granted defendant summary judgment in an oral decision that same day dismissing all claims against defendant with prejudice.

The judge, in relevant part, found:

> [What] the [plaintiff] presented[] would clearly[] require a trier of fact to speculate as to what exactly[] happened here, what caused the[] the fall. There's no evidence of a dangerous condition here, there's no evidence of any kind of notice that Home Depot could have had [notice] to a dangerous condition[] and the [c]ourt finds the [p]laintiff will not be able to sustain any burden of proof,[] based upon the facts that are presented. And giving every inference that the [c]ourt could reasonably give to the [p]laintiff in this matter, this matter is ripe for summary judgment and summary judgment is granted. The matter is dismissed.

On appeal, plaintiffs contend the trial judge erred in granting summary judgment because disputed material issues existed concerning the existence of a dangerous condition and defendant's actual or constructive notice of the dangerous condition that caused plaintiff's fall. Plaintiff asserts although he is

---

[2]  We have reviewed all videos in the appellate record.

4

not able to identify with specificity the dangerous condition which caused him to fall, his testimony, the video evidence, and his expert's opinion provide sufficient evidence for a trier of fact to conclude he slipped on a substance and there was some material in the handicapped parking spaces that caused his injury, which defendant knew or should have known was on the surface of the parking lot. Plaintiff further asserts that the dangerous condition existed for at least thirty minutes, citing the surveillance video. Plaintiff also asserts his expert identified deficiencies in defendant's safety protocol sufficient for a reasonable jury to find inadequate inspection procedures, which, if followed, would have disclosed the dangerous condition.

Plaintiff also contends that defendant should not be "rewarded" with a dismissal of plaintiff's case because it "chose not to preserve a longer time frame leading up to plaintiff's injury despite being made aware of it the day after the accident by plaintiff." Plaintiff asserts his attorney, "only six days after the incident, asked that defendant preserve the footage which defendant clearly chose not to." Plaintiff argues "such subversive behavior by [d]efendant cannot be condoned by the [c]ourt and be the reason why [p]laintiff is denied his right to have his case brought before a jury for determination."

A-0439-24

II.

We review a summary judgment determination de novo, "applying the same standard as the trial court." Samolyk v. Berthe, 251 N.J. 73, 78 (2022); Stewart v. N.J. Tpk. Auth./Garden State Parkway, 249 N.J. 642, 655 (2022). Under this standard, summary judgment will be granted when "the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

To establish a negligence claim, a plaintiff must prove defendant: (1) owed a duty of care; (2) breached that duty; (3) the breach proximately caused the plaintiff's injury; and (4) damages. Townsend v. Pierre, 221 N.J. 36, 51 (2015) (citing Polzo v. Cnty. of Essex, 196 N.J. 569, 584 (2008)).

The required elements of a slip and fall negligence claim of a business invitee are well established. A plaintiff must prove by a preponderance of the evidence: (1) defendant's actual or constructive notice of a dangerous condition; (2) lack of reasonable care by defendant; (3) proximate causation of plaintiff's injury; and (4) damages. Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 434 (1993). We have also held "[t]he mere '[e]xistence of an alleged dangerous

6

condition is not constructive notice of it.'" Arroyo v. Durling Realty, L.L.C., 433 N.J. Super. 238, 243 (App. Div. 2013) (alteration in original) (citation omitted).

A defendant has constructive knowledge of a dangerous condition "when the condition existed 'for such a length of time as reasonably to have resulted in knowledge and correction had the defendant been reasonably diligent.'" Troupe v. Burlington Coat Factory Warehouse Corp., 443 N.J. Super. 596, 602 (App. Div. 2016) (quoting Parmenter v. Jarvis Drug Stores, Inc., 48 N.J. Super. 507, 510 (App. Div. 1957)). "The characteristics of the dangerous condition giving rise to the slip and fall" or eyewitness testimony regarding the length of time the conditions existed "may support an inference of constructive notice about the dangerous condition." Ibid.

Applying the foregoing principles, we conclude Judge Padovano correctly granted summary judgment to defendant. First, plaintiff failed to produce evidence identifying the existence or location of a dangerous condition at the time and place of the fall. Plaintiff testified when he slipped, he did not observe any foreign substance or hazard on the ground. As the judge found, plaintiff's later identification of an oil stain was refuted by surveillance footage clearly showing his fall occurred in a different area. Plaintiff's liability expert similarly

7

failed to pinpoint any specific hazardous material, opining only that plaintiff's description suggested a slippery substance, without identifying the type of substance or its location.

Second, even if the summary judgment record supported genuine factual issues a hazard may have existed which caused plaintiff's fall, we concur with the judge's finding that the record lacks evidence of actual or constructive notice to defendant of the hazard. Plaintiff failed to establish a hazard existed at the location of his fall, much less that the hazard was present for a duration sufficient to impute constructive notice to defendant. The summary judgment record did not show any evidence that a hazard existed in the area of plaintiff's fall, nor were any eyewitnesses produced who observed the alleged hazard. Further, no evidence in the record supported plaintiff's contention that the video showed a hazardous condition at least thirty minutes before his fall.

Addressing plaintiff's contention that his expert opinion raised genuine factual disputes which precluded summary judgment, we determine the alleged safety protocol deficiencies identified by plaintiff's expert fail to bridge a critical evidentiary gap. Proof of the existence and duration of a hazardous condition is required before an assessment of liability can be made concerning the

A-0439-24

sufficiency of an inspection or monitoring safety policy, which plaintiff failed to produce.

The record also discloses plaintiff's expert did not inspect the parking lot and failed to link his general criticisms of defendant's safety protocols to specific facts in the record to support critical elements of his negligence claim. Plaintiff failed to show genuine issues of material fact existed as to: (1) the existence or location of the alleged slipping hazard; (2) the length of time the alleged hazard existed; and (3) the alleged hazard being a proximate cause of plaintiff's fall, all of which are vital elements of his claim. Plaintiff's expert relied solely on photographs and plaintiff's retrospective impressions which we deem insufficient to create genuine issues of material fact relative to constructive notice.

We now turn to plaintiff's claim  the court erred because it "rewarded defendant with a dismissal of plaintiff's case" because defendant "chose not to preserve a longer time frame [in the video] leading up to plaintiff's injury despite being made aware of it the day after the accident . . ." and because the video was produced after plaintiff had already been deposed.

Although not specifically phrased as such in plaintiff's merits brief, we glean from the record that plaintiff is asserting a spoliation argument, which

A-0439-24

required the trial court to draw a negative inference against defendant for failure to preserve the video of the twenty-four-hour period before the accident as plaintiff demanded. Plaintiff asserts the unpreserved video portion could have shown the hazard existed for a sufficient time prior to plaintiff's fall to prove defendant had constructive notice of the hazard.

"Spoliation of evidence in a prospective civil action occurs when evidence pertinent to the action is destroyed, thereby interfering with the action's proper administration and disposition." Cockerline v. Menendez, 411 N.J. Super. 596, 620 (App. Div. 2010) (quoting Aetna Life & Cas. Co. v. Imet Mason Contractors, 309 N.J. Super. 358, 364 (App. Div. 1998)). "A [party] who destroys evidence interferes with [the opposing party's] ability to [prosecute or] defend a lawsuit and right to discovery." Aetna Life, 309 N.J. Super. at 365 (quoting Hirsch v. Gen. Motors Corp., 266 N.J. Super. 222, 245 (Law Div. 1993)).

"The existence of a duty to preserve evidence is a question of law to be determined by the court." Cockerline, 411 N.J. Super. at 620 (citing Manorcare Health Servs., Inc. v. Osmose Wood Preserving, Inc., 336 N.J. Super. 218, 226 (App. Div. 2001)). "Such a duty arises when there is pending or likely litigation between two parties, knowledge of this fact by the alleged spoliating party,

10

evidence relevant to the litigation, and the foreseeability that the opposing party would be prejudiced by the destruction or disposal of this evidence."  Ibid. (citing Aetna Life, 309 N.J. Super. at 366).  A plaintiff must make a "'threshold showing' that defendant improperly caused the loss of the evidence."  Davis v. Barkaszi, 424 N.J. Super. 129, 148 (citing Cockerline, 411 N.J. Super. at 621).

Even assuming plaintiff provided notice to defendant to preserve the video which it failed to do, it is undisputed that the video produced displays the parking lot thirty minutes prior to plaintiff's fall but does not exhibit a dangerous condition in the location where he fell.  It is also undisputed that the video shows other patrons safely traversing the area of plaintiff's fall.  We further note at no point does the record indicate plaintiff sought to amend his discovery responses regarding the location of his fall or the cause of his fall.

We are also unpersuaded by plaintiff's argument he was prejudiced by defendant's failure to preserve the requested video footage from 24 hours before he fell because the footage, which started approximately 30 minutes prior to plaintiff's fall, does not identify a hazard at the location.  We therefore conclude the extended video would not have disclosed a hazard even if it had started 24 hours prior to his fall.  Because we conclude the alleged failure to preserve the

video did not prejudice plaintiff, his contention the judge erred by finding there were no genuine factual issues concerning constructive notice to defendant fails.

To the extent we have not specifically addressed any of plaintiff's arguments, we conclude those arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-0439-24